**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| **ABBYGALE S. ARCHIBALD,** | |
| *Plaintiff,* | |
| **v.** | **CIVIL ACTION NO.** |
| | **4:22-cv-00097-TES** |
| **AT&T d/b/a CELLULAR WORLD, JORDAN LNU, and KIERA LNU,** | |
| *Defendants.* | |

## ORDER

On July 1, 2022, Plaintiff Abbygale S. Archibald filed a document entitled "Notice of Filing of Voluntary Discovery and Clarification of Claims Under Penalty of Perjury in Accord with 28 U.S.C. § 1746." [Doc. 12, p. 1]. Despite its type-faced title, Plaintiff handwrote (in the case caption) that the document is a "Response to Motion to Dismiss." [*Id.*]. The body of Plaintiff's document, however, indicates that it could be a motion to remand. [*Id.* at p. 2]. This order explains the possible avenues for Plaintiff in light of her most recent filing.

On June 22, 2022, Plaintiff filed a document that the Court construed as a Motion to Remand [Doc. 2]. The Court later denied remand on June 29, 2022, given that Plaintiff alleges that Defendant One Wireless Solution, LP "violat[ed] 42 U.S.C. § 1983[.]" *See* [Doc. 1-2, p. 7]; [Doc. 11, pp. 2–3]. The "well-pleaded complaint" rule means that a

federal question is "presented" when a complaint—on its face—invokes federal law as the basis for relief. [Doc. 11, p. 3 quoting *Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1037 (11th Cir. 2022))]. In other words, when a plaintiff alleges that 42 U.S.C. § 1983 has been violated, such an allegation invokes a federal question, and federal questions give federal courts original subject-matter jurisdiction under 28 U.S.C. § 1331. *See* [Doc. 11, p. 3]. However, upon reading Plaintiff's latest document—the one filed on July 1, 2022—it may be that she wishes to bring non-federal claims for "willful and malicious negligence." *See, e.g.*, [Doc. 12, pp. 1–2 (emphasis omitted)]. Negligence claims are governed by state law, not federal. But, because she asserted a violation of federal law (42 U.S.C. § 1983), her Complaint [Doc. 1-2], as it is currently drafted, gives the Court subject-matter jurisdiction under 28 U.S.C. § 1331.

To the extent Plaintiff wants to assert purely state-law negligence claims against Defendants One Wireless Solution, Jordan LNU, and Kiera LNU,[1] she must—because One Wireless Solution's removal of this lawsuit was proper—amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a).[2] The "well-pleaded complaint" rule

---

[1] Plaintiff also named two employees that allegedly work for One Wireless Solution, Jordan LNU and Kiera LNU; however, as of the date of this Order, the record does not indicate that either of them have been served.

[2] Plaintiff may also—to the extent she wants to only assert state-law claims in her lawsuit—voluntarily dismiss this lawsuit under Federal Rule of Civil Procedure 41(a) and file a new lawsuit in the appropriate state court with a new complaint devoid of any mention of federal law. *But see* O.C.G.A. § 9-2-61(a) ("When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal[.]").

"makes [a] plaintiff the master of the claim; [therefore,] she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Unless and until the allegations in Plaintiff's Complaint divest the Court of its subject-matter jurisdiction under either 28 U.S.C. §§ 1331 (federal question) or 1332[3] (diversity jurisdiction), it will not remand this lawsuit to the Superior Court of Muscogee County, Georgia. If Plaintiff, as she requested in her latest document, chooses to amend her Complaint, she must do so by ***July 21, 2022***. [Doc. 12, p. 2]; *see* Fed. R. Civ. P. 15(a).[4]

      **SO ORDERED**, this 6th day of July, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[3] In addition to federal-question jurisdiction, federal courts have original subject-matter jurisdiction over civil actions where (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"; and (2) the action is between "citizens of different States." 28 U.S.C. § 1332(a); *see also* [Doc. 4, p. 2 (One Wireless Solution's statement that it is a limited partnership and that its "partner members are residents of *Texas*")].

[4] If the Court does not receive a motion to amend complaint by July 21, 2022, One Wireless Solution will have until July 28, 2022, to file its reply brief in regard to its previously filed Motion to Dismiss [Doc. 5], and the Court will consider it in due course.